IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MELODY HICKS, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:10-CV-142 (CDL) |
| PEZOLD MANAGEMENT, INC., d/b/a | * |
| McDONALD'S RESTAURANT NO. 31925, | |
| a/k/a McDONALD'S, | * |
| Defendants. | * |

O R D E R

Plaintiff Melody Hicks ("Hicks") alleges that she was injured when she slipped and fell at Defendant Pezold Management Associates, Inc.'s ("PMA") McDonald's restaurant. Hicks originally filed this action in the State Court of Muscogee County, Georgia, and the parties had some discovery disputes while the case was pending in state court. PMA filed a motion to compel Hicks's discovery responses, and Hicks moved to withdraw her admissions. The state court apparently did not rule on those motions. While the motions were pending, PMA received discovery responses from Hicks and removed the action to this Court based on those discovery responses. The discovery motions are now pending in this Court. For the reasons set forth below, the Court denies as moot PMA's Motion to Compel (ECF No. 2) and grants Hicks's Motion to Withdraw Admissions (ECF No. 4).

FACTUAL BACKGROUND

On June 11, 2010, PMA propounded its first set of interrogatories, first set of requests for production, and first set of requests for admission on Hicks. As of July 21, 2010, Hicks had not responded to any of PMA's discovery requests, and PMA's attorney, Mr. Jason Baird, sent Hicks's attorney, Mr. Steven Gardner, a letter seeking to obtain the discovery responses. Def.'s Mot. to Compel Ex. 5, Letter from J. Baird to S. Gardner, July 21, 2010, ECF No. 2 at 43. Mr. Baird also notified Mr. Gardner that, under Georgia law, the requests for admission were deemed admitted. *Id.; see also* O.C.G.A. § 9-11-36(a)(2) (stating that a matter of which an admission is requested "is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney"); *accord* Fed. R. Civ. P. 36(a)(3) (same).

At some point after Hicks's Complaint was filed but before PMA served its discovery requests on Hicks in June 2010, Mr. Gardner began to suffer from a debilitating medical condition called bilateral tendon dystrophy. Pl.'s Resp. to Def.'s Mot. to Compel Ex. 1, Gardner Aff. ¶¶ 3-4 , ECF No. 3 at 6-8 [hereinafter Gardner Aff.]; *accord* Pl.'s Resp. to Def.'s Mot. to Compel Ex. 2, Return to

2

Work/School Form, ECF No. 3 at 9 (stating that Mr. Gardner had been under Dr. Gregory Alvarez's care since "6 2010" and that Mr. Gardner could not return to work as of September 23, 2010). The condition advanced quickly, and Mr. Gardner, a solo practitioner, became unable to work, concentrate, or walk. Gardner Aff. ¶¶ 4-5. Mr. Gardner ultimately had surgery on July 22, 2010, followed by a lengthy recuperation period during which he was on medication and could not work. *Id.* ¶¶ 6-7. Mr. Gardner returned to work on a part-time basis in early October 2010, and he learned of PMA's discovery requests. *Id.* ¶ 8.

Mr. Gardner claims that, due to the severity of his condition and the lack of support staff, he was unable to file a medical leave of absence. *Id.* ¶ 7. Mr. Gardner did, however, hire a non-lawyer, James White, to communicate with Mr. Baird and to provide Mr. Baird with updates on Mr. Gardner's medical condition. Pl.'s Resp. to Def.'s Mot. to Compel 2, ECF No. 3; *accord* Def.'s Reply In Supp. of Mot. to Compel Ex. 1, Baird Aff. ¶ 5, ECF No. 7 at 6-7 [hereinafter Baird Aff.]. Mr. White spoke with Mr. Baird on August 16, 2010, and Mr. Baird agreed to extend the deadline for Hicks's interrogatory responses and document production. Baird Aff. ¶ 5. Mr. White believes that Mr. Baird agreed to permit Hicks to withdraw the deemed admissions. Pl.'s Resp. to Def.'s Mot. to Compel Ex. 3, White Aff. ¶ 5, ECF No. 3 at 10-11. According to Mr. Baird, however, Mr. Baird

3

told Mr. White that he would not agree to withdraw Hicks's deemed admissions. *Id.* Mr. Baird understood from Mr. White that Mr. Gardner was expected to return to work "within the month." *Id.* Mr. White contacted Mr. Baird again on September 16, 2010, and Mr. White advised Mr. Baird that Mr. Gardner would be back at work "within two weeks." *Id.* ¶ 6.

As of October 6, 2010, Hicks had still not responded to any of PMA's discovery requests, and PMA filed its Motion to Compel. *See generally* Def.'s Mot. to Compel, ECF NO. 2. PMA reiterated in its motion that the matters for which PMA requested admissions in its first set of requests for admission were deemed admitted under O.C.G.A. § 9-11-36(a)(2). *Id.* at 1. On October 20, 2010, Hicks responded to the Motion to Compel and also filed her Motion to Withdraw Admissions. Pl.'s Resp. to Def.'s Mot. to Compel, ECF No. 3; Pl.'s Mot. to Withdraw Admissions, ECF No. 4. Hicks represented in her response to PMA's Motion to Compel that her responses to PMA's interrogatories and document requests were attached to the Motion to Compel response. Pl.'s Resp. to Def.'s Mot. to Compel 2, ECF No. 3. In its reply brief, PMA did not deny that it received responses to its interrogatories and document requests. *See generally* Def.'s Reply In Supp. of Mot. to Compel, ECF No. 7 at 1-3.

DISCUSSION

## I. PMA's Motion to Compel

As discussed above, Hicks represented that she responded to PMA's interrogatories and document requests. And, as discussed above, PMA does not appear to dispute that Hicks responded to its interrogatories and document requests. Rather, the parties' dispute centers on Hicks's request to withdraw the deemed admissions. Accordingly, the Court denies PMA's Motion to Compel as moot. PMA shall, however, be permitted to renew its Motion to Compel if PMA did not receive adequate responses to its interrogatories and document requests.

## II. Hicks's Motion to Withdraw Admissions

Under O.C.G.A. § 9-11-36(a)(2), a matter of which an admission is requested "is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." The Court "may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." O.C.G.A. § 9-11-36(b); *accord* Fed.

5

R. Civ. P. 36(b). This determination is within the Court's discretion. *Rowland v. Tsay*, 213 Ga. App. 679, 679, 445 S.E.2d 822, 822 (1994).

The Court finds that withdrawal of the admissions will promote the presentation of the case on the merits, and PMA does not seriously claim otherwise. As discussed in more detail below, the crux of PMA's opposition to Hicks's Motion to Withdraw focuses on the legitimacy of Mr. Gardner's excuse for failing to respond to the requests for admissions and has little to do with the question whether permitting withdrawal of the admissions will promote the presentation of the merits of the case. Here, the requested admissions are essentially the opposite of the allegations in Hicks's Complaint and her interrogatory responses. For example, PMA asks Hicks to admit that she saw the foreign substance on the floor of the McDonald's before she slipped, that the foreign substance was clearly visible and open and obvious, and that her suit is barred by contributory and comparative negligence. Def.'s Mot. to Compel Ex. 4, Def.'s Reqs. for Admis. ¶¶ 2-9, ECF No. 2 at 37-38. Yet, in her Complaint, Hicks alleged that she slipped and fell on a "slippery foreign substance," that PMA's employees knew or should have known of the hazardous condition of its floor but failed to put out "wet floor" signs, and that Hicks "conducted herself with all the caution and care required by law." Compl. ¶¶ 5, 7-9; *accord* Notice of

6

Removal Ex. 3, Pl.'s Resps. to Def.'s 1st Set of Interrogs. ¶¶ 16-19, ECF No. 1-4 at 21. For these reasons, the Court concludes that withdrawal of the admissions will promote the presentation of the case on the merits.

The Court also finds that PMA has not demonstrated that the withdrawal of the deemed admissions will prejudice it in maintaining its defense on the merits. PMA suggests that Mr. Gardner is lying about his medical condition so that the Court will excuse his delay in responding to the requests for admission. Even if the evidence supported this suggestion—which it does not—it is difficult to discern what prejudice PMA will suffer if Hicks is permitted to withdraw the deemed admissions. Nothing in the present record establishes that PMA relied to its detriment on the deemed admissions in preparing its defense. "Merely being deprived of judgment or being forced to go to trial is not such prejudice as will prevent withdrawal of admissions." *Rowland*, 213 Ga. App. at 680, 445 S.E.2d at 823 (internal quotation marks omitted). At most, PMA could be deprived of a tactical advantage if the Court were to deny Hicks's Motion to Withdraw, but "the purpose of requests for admission is to expedite trial and clarify the issues in a case, not to gain a tactical advantage over opposing counsel." *Id.* at 679 n.2, 445 S.E.2d 822, 822 n.2.

7

Furthermore, the evidence does not establish that Mr. Gardner lied about his medical condition. PMA asserts that Hicks's reason for failing to provide a timely response to PMA's requests for admission is that "her attorney underwent leg surgery on July 22, 2010." Def.'s Resp. to Pl.'s Mot. to Withdraw Admissions 2 ¶ 3, ECF No. 5. PMA also notes that the July 22, 2010 surgery was performed "approximately <u>41 days</u> after PMA served its requests for admissions" on Hicks. *Id.* Thus, PMA argues, Hicks's "responses to PMA's requests for admissions were already overdue" when Mr. Gardner underwent the surgery. *Id.* However, PMA ignores the evidence that Mr. Gardner began experiencing serious symptoms of bilateral tendon dystrophy and became unable to work before PMA's requests for admission were served on Hicks. Gardner Aff. ¶¶ 3-4. Based on the evidence before the Court, Mr. Gardner had a reasonable excuse for failing to submit timely responses to PMA's requests for admission. Moreover, PMA's attorney knew that Hicks had not responded to PMA's discovery requests, including the requests for admission, because Mr. Gardner was unable to work due to a medical condition. For all of these reasons, the Court concludes that PMA has not demonstrated that the withdrawal of the deemed admissions will prejudice it in maintaining its defense on the merits. The Court therefore grants Hicks's Motion to Withdraw Admissions.

CONCLUSION

As discussed above, the Court denies as moot PMA's Motion to Compel (ECF No. 2) and grants Hicks's Motion to Withdraw Admissions (ECF No. 4). If Hicks has not already responded to PMA's first set of requests for admission, she shall do so on or before January 28, 2011.

IT IS SO ORDERED, this 30th day of December, 2010.

                                           S/Clay D. Land
                                                CLAY D. LAND
                               UNITED STATES DISTRICT JUDGE